IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LESLIE A. ASHBY,

       Plaintiff,

v.                                         Civil Action No. 5:11CV8
                                                      (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The plaintiff, Leslie A. Ashby, filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI, respectively, of the Social Security Act. In her application, the plaintiff alleges disability beginning June 1, 2006. The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff then requested a hearing, and a hearing was held on September 17, 2009, before an administrative law judge ("ALJ"). The plaintiff, as well as a vocational expert ("VE"), appeared at the hearing. On October 22, 2009, the ALJ issued a decision finding that the plaintiff had not been under a disability within the meaning of the Social Security Act since the date the application was filed. The Appeals Council denied the plaintiff's request for review, rendering the ALJ's decision final.

The case was referred to United States Magistrate Judge David J. Joel for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. On July 5, 2011, the magistrate judge issued a report and recommendation recommending that the defendant's motion for summary judgment be granted, that the plaintiff's motion for summary judgment be denied, and that the decision of the Commissioner be affirmed. Upon submitting his report, Magistrate Judge Joel informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen (14) days after being served with a copy of the report. Neither party filed objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). In this case, no party filed objections to the report and recommendation, thus, the plaintiff waived her right to appeal from a judgment of this Court based

thereon. Thomas v. Arn, 474 U.S. 140, 148-53 (1985). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

In her motion for summary judgment, the plaintiff alleges that the final decision of the defendant that she is not disabled is not supported by substantial evidence. In support of this motion, the plaintiff argues: (1) the ALJ committed reversible error by giving "great weight" to the psychiatric review technique form assessments by non-evaluating doctors; (2) the ALJ erred in determining the plaintiff's residual functional capacity ("RFC") with regard to her right upper extremity and mental impairments; and (3) the ALJ did not correctly assess the plaintiff's credibility.

The defendant contends, in his motion for summary judgment, that substantial evidence supports the Commissioner's determination that during the relevant period, the plaintiff did not qualify for DIB or SIS. Specifically, the defendant asserts: (1) substantial evidence supports the ALJ's RFC assessment; and (2) substantial evidence supports the ALJ's credibility determination.

Magistrate Judge Joel issued a report and recommendation in which he found that the ALJ's evaluation of the plaintiff's mental impairments is supported by substantial evidence. According to the magistrate judge, Dr. Cerra is not a "treating source," so his opinion is not entitled to controlling weight. Even so, the

magistrate judge found that the ALJ provided a thorough discussion of Dr. Cerra's findings and incorporated those findings into his RFC determination. The report and recommendation also states that the ALJ properly weighed the global assessment of functioning ("GAF") score reported by Dr. Cerra. Moreover, the magistrate judge found that the ALJ gave a proper explanation for the reasons he assigned controlling weight to the opinions of the state agency psychological consultants. Next, the magistrate judge held that substantial evidence supports the mental limitations posed to the VE. The magistrate judge held that substantial evidence supports the physical limitations identified in the ALJ's RFC and finally, that substantial evidence supports the ALJ's credibility determination.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

4

In this case, this Court agrees that the ALJ considered the proper factors in determining the weight to afford opinion evidence. See 20 C.F.R. §§ 404.1527(d), 416.927(d). Although the ALJ found that Dr. Cerra's opinion was not entitled to controlling weight, he did incorporate Dr. Cerra's findings into his RFC determination. Further, the ALJ provided a detailed discussion of Dr. Cerra's May 27, 2009 evaluation of the plaintiff. Given the fact that the GAF score assigned by Dr. Cerra was based only upon his one-time evaluation of the plaintiff and was contradicted by other evidence, this Court agrees that substantial evidence supports the weight assigned to it. After reviewing the record, this Court also concludes that there is no error in the hypothetical submitted to the VE because the hypothetical accurately reflected the limitations found by the ALJ.

With regard to the ALJ's RFC determination, this Court agrees that the medical evidence, opinion evidence, and statements from the plaintiff support the limitations found by the ALJ. As the magistrate judge stated in his report and recommendation, it is not the province of this Court to second-guess the Commissioner's weighing of the evidence. Finally, in addressing the plaintiff's contention that the ALJ incorrectly assessed her credibility, the magistrate judge notes that the plaintiff has failed to provide any evidence in support of this assertion. The ALJ, however, provided ample support for his decision to discount the plaintiff's

credibility, including listing contradictory statements and evidence that the plaintiff exaggerated her symptoms.

This Court has reviewed the record, as well as the parties' motions for summary judgment, and for the reasons set forth in the report and recommendation, concurs with the magistrate judge that the Commissioner's decision denying the plaintiff's application for SSI and DIB is supported by substantial evidence. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

## IV. Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge. The defendant's motion for summary judgment is GRANTED, and the plaintiff's motion for summary judgment is DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     July 26, 2011

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE